UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GREGORY S. GOODYEAR,

    Plaintiff,

vs.                            Case No. 2:07-cv-277-FtM-34SPC

LEE COUNTY JAIL and LEE COUNTY
SHERIFF'S OFFICE,

    Defendants.
_____/

### ORDER OF DISMISSAL[1]

    This matter comes before the Court upon review of Plaintiff's Complaint (Doc. #1), filed on May 1, 2007. Plaintiff filed a motion to proceed *in forma pauperis*. (Doc. #2.)

    *Pro se* Plaintiff is a pre-trial detainee and is currently incarcerated at the Lee County Jail. Plaintiff filed a civil rights Complaint pursuant to 42 U.S.C. § 1983, naming the Lee County Jail and the Lee County Sheriff's Office as Defendants. The Complaint alleges that the Lee County Jail and the Sheriff's Office have a "duty to prosecute any acts taken [sic] place on this Plaintiff." Complaint at 5. In summary, the Complaint sets forth two incidents in which Plaintiff contends that the jail and the sheriff's office are the responsible parties. First, Plaintiff

---

    [1]This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically. However, it has been entered only to decide the motions addressed herein and is not intended for official publication or to serve as precedent.

states that he was questioned by a lieutenant after Plaintiff's "jail house lawyer" produced a purported contract written by Plaintiff requesting that his "jail house lawyer" kill a Cape Coral Police Officer in exchange for money. <u>Id.</u> at 2. Plaintiff contends that the "jail house lawyer" was "either a 'plant' in the county jail by the Cape Coral Police and the State Attorney's Office [,] or [that] [the] [jail house lawyer] contacted the C[ape] C[oral] P[olice] D[epartment] in attempt to negotiate a better deal for himself on his charges." <u>Id.</u> at 3. Additionally, Plaintiff alleges that the Lee County Jail permitted Plaintiff's privately retained defense counsel, James Woods, to enter the facility to speak with Plaintiff when Woods was not a licensed attorney in the state of Florida. <u>Id.</u> at 4. Plaintiff contends that he was not aware that Woods had lost his licence to practice law and if the Lee County Jail had required Woods to produce "proper identification," then Plaintiff and his family would not have lost their retainer funds. <u>Id.</u> at 5. As relief, Plaintiff requests compensatory and punitive damages. <u>Id.</u> at 1.

The Prison Litigation Reform Act (hereinafter PLRA), which amended 28 U.S.C. § 1915, contains the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous,

>malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Section 1915, known as the "Three Strikes Rule" only permits a prisoner to file "three meritless suits at the reduced rate." Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002). Additionally, the Court may consider prisoner actions dismissed before, as well as after, the enactment of the PLRA. Rivera v. Allin, 144 F.3d 719, 730 (11th Cir. 1998). Here, the Court takes judicial of the filings brought by Plaintiff in the United States District Court for the Middle District of Florida that were dismissed on the grounds that they were frivolous, malicious or failed to state a claim upon which relief may be granted: (1) 2:07-cv-192, (2) 2:07-cv-130, (3) 2:07-cv-276, (4) 2:07-cv-275, (5) 2:07-cv-260.[2] Because Plaintiff has had three or more qualifying dismissals and it does not appear that he is imminent danger of serious physical injury, this action will be dismissed without prejudice. Plaintiff may initiate a new civil rights action by filing a new civil rights complaint form and paying the $350.00 filing fee in its entirety at the time of filing.

---

[2] Plaintiff has filed approximately five civil rights Complaints and one emergency temporary restraining order during the last month.

ACCORDINGLY, it is hereby

**ORDERED**:

1. Plaintiff's Complaint (Doc. #1) is **DISMISSED** without prejudice.

2. The Clerk of Court shall: (1) terminate any pending motions; (2) enter judgment accordingly; (3) close this file.

**DONE AND ORDERED** in Fort Myers, Florida, on this \_\_8th\_\_ day of May, 2007.

                                               MARCIA MORALES HOWARD
                                               UNITED STATES DISTRICT JUDGE

SA: alj
Copies: All Parties of Record